UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NAVNEET EDUCATION LTD.<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Court No. 22-cv-00132 |

**COMPLAINT**

1.    Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff Navneet Education Limited (hereinafter "Navneet" or "Plaintiff"), by and through its counsel, contests the final results of the Department of Commerce ("Commerce" or the "Department") in the less than normal value ("AD") duty administrative review of Certain Lined Paper Products From India for the period of review ("POR") September 1, 2019 through August 31, 2020. The contested determination was published as *Certain Lined Paper Products From India: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 17989 (Dep't of Commerce Mar. 29, 2022) ("*Final Results*").

2.    Navneet has been serving American customers with quality school supplies and other paper products at fair prices for decades. Navneet had carefully navigated the antidumping duty order on certain lined paper from India – taking great pains to make sure it is a fair participant in the U.S. market. Navneet's efforts to play fairly and fully cooperate with Commerce as a respondent in 12 previous administrative reviews proceedings has resulted in Commerce confirming Navneet's fair participation – finding

1

Navneet to have zero or *de minimis* dumping margins for 9 of the previous 12 reviews in which it was a respondent. In the September 1, 2019, to August 31, 2020 administrative review, however, a programming aberration in Commerce's antidumping margin calculation – one that gives Commerce unfettered discretion to pick winners and losers depending on the circumstances -- resulted in Commerce unfairly inflating and distorting Navneet's dumping margin.  Despite Navneet's consistent, careful efforts, Commerce's discretionary adjustment exploited the programing aberration, increasing what should have been Navneet's typical *de minimis* dumping rate to 20.22% - without any material change in Navneet's pricing practices. Commerce's refusal to correct the aberration unfairly deprived Navneet of the correct *de minimis* rate, based on its actual reported home market and U.S. sales and costs.  For the reasons set forth below, Commerce's Final Results are unsupported by substantial evidence and otherwise not in accordance with law.

## **JURISDICTION**

3. This action is brought pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). This action challenges certain factual findings, legal conclusions, and determinations in the Department's Final Results in the 2019-2020 Administrative Review on Certain Lined Paper Products From India. This Court has jurisdiction pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. §1516a(a)(2).

4. The standard of review, as provided in 19 U.S.C. §1516a(b)(1)(B), is whether the determinations, findings, or conclusions of the Department were "unsupported by substantial evidence on the record, or otherwise not in accordance with law."

## STANDING

5. Plaintiff Navneet is a foreign producer and exporter of the subject merchandise, i.e., lined paper products, in India.

6. Plaintiff was a party to and participated in the underlying proceeding.

7. Therefore, Plaintiff is an interested party pursuant to 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A). Plaintiff thus has standing to commence this action under 19 U.S.C. § 1516a(a)(2)(A), (d), 28 U.S.C. § 2631(c), and 28 U.S.C. § 1581(c).

## TIMELINESS OF THIS ACTION

8. Plaintiff initiated this action by the filing of a summons on April 25, 2022, within 30 days of publication of the Final Results in the Federal Register on March 29, 2022.

9. This complaint is filed on May 23, 2022, within 30 days after the filing of the summons.

10. This action is therefore timely filed pursuant to 19 U.S.C. §1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3(a)(2) of this Court.

## STATEMENT OF FACTS

11. On October 30, 2020, Commerce published a notice initiating an administrative review of the antidumping order on certain lined paper products from India and selected Navneet as a mandatory respondent for this administrative review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 68840 (Dep't of Commerce Oct. 30, 2020) ("Initiation Notice").

12. In its response to Commerce's Section D questionnaire, Navneet reported its cost of production pertaining to each CONNUM for U.S. and comparison market sales reported in its Sections B and C responses. Commerce did not require that costs for products sold to third countries be reported in the response. For reconciliation purposes only, Navneet also reported costs for products sold only in third countries.

13. Navneet did not report product characteristics and Commerce did not request that information in a supplemental questionnaire.

14. When product characteristics are not reported, Commerce arbitrarily adds or does not add product characteristics to the margin calculation methodology. Adding or not adding product characteristics in turn changes the calculation methodology whether third country costs are included. There is no rhyme or reason for Commerce's decision whether to include the product characteristics, and no way for respondents to predict what Commerce will do. Commerce's unpredictable and inconsistent choice is the sole difference between a zero or *de minimis* rate and the rate Commerce calculated for Navneet in this review.

15. On October 1, 2021, Commerce published the *Preliminary Results,* where – based upon Commerce's adding product characteristics in this review and the circumstances of this review – it calculated a weighted average dumping margin of 18.35% for Navneet. *See Certain Lined Paper Products From India: Preliminary Results of Antidumping Duty Administrative Review*; *Recession of Administrative Review, in Part; and Preliminary Determination of No Shipments; 2019-2020*, 86 Fed. Reg. 54426, 54428 (Oct. 1, 2021) ("*Preliminary Results*").

16. In the *Preliminary Results*, Commerce's margin programming language set to "YES" in its home market program that product characteristics were included in the cost database when Navneet had not reported product characteristics as separate fields. Commerce

arbitrarily added those product characteristics, not Navneet. This arbitrary programming by Commerce resulted in another error, namely the unforeseen inclusion of Navneet's third country costs in the antidumping duty program.

17. Navneet is careful in its pricing practices to take into consideration Commerce's methodologies, but when Commerce sometimes adds product characteristics and sometimes does not, combined with constantly changing circumstances of product mix sold to third countries and consequently third-country costs of production, Navneet is at the mercy of Commerce's whims.

18. On November 8, 2021, Navneet submitted a case brief requesting Commerce to correct the margin program, remove the erroneous reliance on third country product costs, and compute a new corrected margin for Navneet in the final results. *See Certain Lined Paper Products from India: Case Brief of Navneet Education Limited* (Nov. 8, 2021) ("Navneet's Case Brief").

19. On November 22, 2021, Navneet submitted a rebuttal brief in response to comments made by the petitioners on Preliminary Results. *See Certain Lined Paper Products from India: Rebuttal Brief of Navneet Education Limited* (Nov. 22, 2021) ("Navneet's Rebuttable Brief").

20. On March 21, 2022, Commerce issued the *Final Results* along with the *Issues and Decisions Memorandum*. In the *Final Results*, Commerce refused to correct the programming error that led to the inclusion of third country costs in Navneet's margin calculation. *See Certain Lined Paper Products From India: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019– 2020*, 87 Fed. Reg. 17989 (Mar. 29, 2022) ("Final Results").

21.     On March 29, 2022, the Department published *Final Results*. *Id*. In the *Final Results*, Commerce determined that Navneet made sales of certain lined paper products from India at less than normal value during the POR and increased Navneet's weighted-average dumping margin from 18.35% to 20.22%. Id. at 17989-90.

## STATEMENT OF CLAIMS

### Count One

22.     Paragraphs 1 to 21 are re-alleged and incorporated herein by reference.

23.     Commerce's decision to not correct a technical flaw in its SAS programming language, which resulted in the assignment of irrelevant third country costs to sold but not produced products during the POR was unreasonable, unsupported by substantial evidence and not in accordance with law. Commerce's decision not to correct its programming language, which resulted in the unintended inclusion of third country product costs that Navneet had only provided for reconciliation purposes, and given that Commerce's own questionnaire and Macros program did not require such costs, introduced distortions into the antidumping duty calculation, resulting in an overinflated and inaccurate dumping margin that did not reflect the reality of Navneet's *de minimis* margin that it should have received.

24.     Commerce's inclusion of third country costs in the antidumping margin analysis was not supported by substantial evidence on the record, is arbitrary and capricious, and is otherwise not in accordance with law.

### Count Two

25.     Paragraphs 1 to 24 are re-alleged and incorporated herein by reference.

26. Commerce made other decisions in the *Final Results* resulting in an excessively high and erroneous final antidumping margin for Navneet that is not supported by substantial evidence on the record and otherwise not in accordance with law.

**PRAYER FOR RELIEF**

For the reasons stated above, Plaintiff respectfully requests that the Court:

(a) enter judgment in Plaintiff's favor;

(b) declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c) remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d) provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Irene H. Chen
Irene H. Chen
**CHEN LAW GROUP, LLC**
200-A Monroe St., Ste. 100
Rockville, MD 20850
Tel (301) 760-7393
Email: Irene@chenlawgroup.com

Date: May 23, 2022         *Counsel to Plaintiff Navneet Education Ltd.*